**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AE LIQUIDATION, INC., et al., | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| _____ | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUMINESCENT SYSTEMS, INC., | ) | Adv. No. 10-55460 (MFW) |
| | ) | |
| ASTRONICS ADVANCED | ) | Adv. No. 10-55384 (MFW) |
| ELECTRONIC SYSYEMS CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Before the Court is a Motion for a Protective Order filed by Luminescent Systems, Inc. and Astronics Advanced Electronic Systems Corp. (the "Defendants") to protect from discovery two affidavits, and the email correspondence and drafts regarding them, sought by Jeoffrey L. Burtch (the "Trustee").  For the reasons set forth below, the Court will grant the Protective Order.

I.   BACKGROUND

AE Liqudation, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 on November 25, 2008.  The case was converted to chapter 7 on March 5, 2009, and the Trustee

was appointed.

On November 18, 2010, the Trustee commenced preference actions against the Defendants.  Pursuant to a Pretrial Order, the parties were directed to go to mediation.  The Defendants thereafter, but prior to the actual mediation, gathered affidavits from two former employees of the Debtor.  The parties participated in the mediation, which was ultimately unsuccessful.

After the failed mediation, the parties conducted discovery during which the Defendants prepared a privilege log asserting that the affidavits and related documents were protected by the attorney work product doctrine and the mediation privilege.  The Trustee did not agree and the Defendants consequently filed the Motion for a Protective Order.


II.  <u>JURISDICTION</u>

The Court has jurisdiction over this proceeding.  28 U.S.C. §§ 1334 & 157(a), (b)(2)(F).


III. <u>DISCUSSION</u>

The Defendants move for a protective order preventing the disclosure of the affidavits and related documents pursuant to Local Bankruptcy Rule 9019-5 and Rules 16(c) and 26(c) of the Federal Rules of Civil Procedure made applicable by Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.  Further,

the Defendants assert that the affidavits and related documents
are protected from disclosure under the attorney work product
doctrine.  See Fed. R. Civ. P. 26(b)(3)(A).  Finally, the
Defendants contend that the affidavits and related documents are
protected under a mediation privilege.  See Sheldone v.
Pennsylvania Turnpike Com'n, 104 F. Supp. 2d 511 (W.D. Pa. 2000);
Folb v. Motion Picture Industry Pension and Health Plans, 16 F.
Supp. 2d 1164 (C.D. Cal. 1998); Hays v. Equitex, Inc. (In re RDM
Sports Grp., Inc.), 277 B.R. 415 (Bankr. N.D. Ga. 2001).  The
Trustee opposes the Motion arguing that a protective order is not
warranted and that the attorney work product doctrine and
mediation privilege are not applicable to the documents at issue
in this case.

> A.   Rule 16(c)

Federal Rule 16(c) allows a court to "us[e] special
procedures to assist in resolving the dispute authorized by
statute or local rule."  Fed. R. Civ. P. 16(c)(2)(I).  The
Defendants assert that the Court has the power to grant such a
protective order under Local Bankruptcy Rule 9019-5, which
provides in relevant part that "[n]o person may rely on or
introduce as evidence in any arbitral, judicial or other
proceeding, evidence pertaining to any aspect of the mediation
effort, including but not limited to: . . . (E) documents
prepared for the purpose of, in the course of, or pursuant to the

mediation." Del. Bankr. L.R. 9019-5(d)(i). The Defendants contend that the affidavits and related documents were created for, and used in, the mediation. Therefore, they assert that the documents are not discoverable.

The Court disagrees. Local Rule 9019-5 provides no basis for the Court to grant a protective order related to the mediation, nor does it protect any documents from discovery. The rule merely prohibits any party from using as evidence any documents prepared for the purpose of mediation. Parties to litigation are entitled to "broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). Although evidence may not be admissible at trial, that evidence is still discoverable if it may lead to other relevant, admissible evidence. Fed. R. Civ. P. 26(b)(1); Josephs v. Harris Corp., 677 F.2d 985, 991 (3d Cir. 1982). Further, Rule 9019-5 expressly provides that "[i]nformation otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation." Del. Bankr. L.R. 9019-5(d)(i). Thus, Rule 9019-5(d)(i) does not support a protective order, and the Court will not grant such an order pursuant to Rule 16(c).

B.   Rule 26(c)

Rule 26(c) states that a court, for "good cause," may issue an order limiting discovery to "protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The burden is on the party seeking relief to demonstrate that good cause exists to grant the order.  Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986).

Here, the Defendants have failed to meet their burden.  The Defendants made no proffer of good cause that disclosure of the affidavits and related documents would cause any embarrassment, oppression, or undue burden sufficient to protect the documents. Therefore, the Court concludes that the issuance of a protective order under Rule 26(c) is not appropriate.

C.   Rule 26(b)

The Defendants contend, however, that the affidavits and related documents are protected by the attorney work product privilege.  Rule 26(b) provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant." Fed. R. Civ. P. 26(b)(1).  See also Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000) ("As an initial matter, therefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted.").  An exception to the liberal discovery rules is that a party may not discover attorney work product prepared "in anticipation of litigation."  Fed. R. Civ. P. 26(b)(3)(A).

The attorney work product doctrine is most notably articulated in the seminal case of <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).  In <u>Hickman</u>, the Supreme Court determined that the notes taken by an attorney (during interviews with survivors of a sunken ship that fostered litigation) was protected from discovery.  <u>Id.</u> at 498-500, 514.  In its decision, the Supreme Court held that:

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients.  In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.  Proper preparation of a client's case demands that he assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.

<u>Id.</u> at 510-11.  The attorney work product doctrine has since been codified in Rule 26(b)(3).  The purpose of the doctrine is to "prevent disclosure of the attorney's legal theories, research, and certain factual material gathered in preparation for proper representation of the client."  <u>In re Grand Jury Proceedings</u>, 604 F.2d 798, 801 (3d Cir. 1979).

The burden to establish that documents fall under the attorney work product doctrine is on the party asserting its protection.  <u>Conoco, Inc. v. U.S. Dept. Of Justice</u>, 687 F.2d 724, 730 (3d Cir. 1982).

6

The Trustee argues that the Defendants did not meet their
burden because they abandoned the argument by not including it in
their Motion.   However, the Defendants did raise the argument at
the hearing on their Motion.   (<u>See</u> Tr. of Record at 12-13, Sept.
19, 2012.)   Further, the Defendants attached to their Motion the
privilege log, which did assert the privilege as to all the
documents created in connection with the affidavits.   (D.I. 41.)
The Court finds the privilege log is sufficient evidence to meet
the Defendants' burden of proof.   <u>Delco Wire & Cable, Inc. v.
Weinberger</u>, 109 F.R.D. 680, 690 (E.D. Pa. 1986) (finding that the
moving party may meet its burden of proof if the basis of the
attorney work product protection is evident on the party's
privilege log).

There are three elements the Court must consider to
determine if the attorney work product protection is available.
First, the documents must be created "in anticipation of
litigation . . . ."  Fed. R. Civ. P. 26(b)(3)(A).   Second, the
Court must determine if the documents are ordinary or opinion
work product.   <u>See</u> <u>Upjohn Co. v. United States</u>, 449 U.S. 383,
401-02 (1981) (discussing the higher standard of necessity
required of a party seeking discovery with respect to opinion
work product versus ordinary work product); <u>Sporck v. Peil</u>, 759
F.2d 312, 316 (3d Cir. 1985) ("Rule 26(b)(3) recognizes the
distinction between 'ordinary' and 'opinion' work product").

7

Third, based on the type of work product, the Court must
determine if the party seeking discovery has overcome the
attorney work product protection.  Fed R. Civ. P.
26(b)(3)(A)(ii).

In this case, the affidavits and related documents were
clearly prepared "in anticipation of litigation."  In fact, they
were prepared after the litigation had commenced.  Here, the
privilege log states that the affidavits and related documents
were created in preparation for mediation ordered in connection
with the litigation.  (D.I. 42.)  Because the documents were
created as part of the overall litigation, the Court finds that
they meet the first element of attorney work product protection.
In re Grand Jury Investigation, 599 F.2d 1224, 1229 (3d Cir.
1979) (citing 8 Wright & Miller, Federal Practice and Procedure:
Civil § 2024, at 198 (1970)); Leonen v. Johns-Manville, 135
F.R.D. 94, 97 (D.N.J. 1990) (holding that documents were created
in anticipation of litigation because the litigation was
"identifiable").

Next, the Court must determine if the documents are
ordinary or opinion work product.  Opinion work product, unlike
ordinary, fact-based work product, includes documents that
contain "an attorney's legal strategy, his intended lines of
proof, his evaluation of the strengths and weaknesses of the
case, and the inference he draws from interviews with witnesses."

8

Sporck, 759 F.2d at 316.  While neither ordinary nor opinion work

product contains an absolute protection, opinion work product

"requires a heightened showing of extraordinary circumstances"

for it to be discoverable.  In re Cendant Corp. Sec. Litig., 343

F.3d 658, 664 (3d Cir. 2003).  Here, the affidavits and related

documents consist of emails and draft affidavits exchanged

between the Defendants' attorneys and the two witnesses.  It is

unlikely that the Defendants' attorneys included opinion work

product in correspondence with outside, third-party witnesses.

Therefore, the Court finds that the affidavits and related

documents are ordinary, fact-based work product not entitled to

the heightened protection of opinion work product.

Finally, the Court must determine if the Trustee may

overcome the attorney work product protection.  When documents

are determined to be ordinary work product, the party seeking

discovery must demonstrate a "substantial need" for the documents

because they cannot be otherwise obtained without an "undue

hardship."  Fed. R. Civ. P. 26(b)(3)(A).  The only reason

asserted by the Trustee in this case for discovery of the

documents is for use in impeaching the witnesses in depositions

and at trial.[1]  The possibility of use for impeachment alone does

---

[1]  The Trustee does not assert that he cannot discover the
underlying facts contained in the affidavits by interviewing the
witnesses himself, and, in fact, he is planning to take their
depositions.  (See Tr. of Record at 19, Sept. 19, 2012.)  Thus,
the facts of this case bear a striking resemblance to those in
Hickman v. Taylor discussed supra.

not meet the standard of substantial need required to overcome
the attorney work product protection.  Spruill v. Winner Ford of
Dover, Ltd., 175 F.R.D. 194, 202 (D. Del. 1997) ("the possibility
of impeachment does not satisfy the showing required by Rule
26[(b)(3)(ii)]"; Dingler v. Halcyon Lijn N.V., 50 F.R.D. 211, 212
(E.D. Pa. 1970) ("showing that documents if obtained would
impeach credibility of a witness has been held not to establish
good cause . . . required by the language of the new Rule
26(b)(3)").  Therefore the Court finds that the Trustee has
failed to demonstrate a substantial need and will grant the
Motion for Protective Order as to the affidavits and related
documents on the grounds that they are attorney work product.[2]

IV.  CONCLUSION

     For the foregoing reasons the Court will grant the Motion
for a Protective Order pursuant to Rule 26(b)(3), finding that
the affidavits and related documents are protected attorney work
product.

---

     [2]  Because the Court determines that the affidavits and
related documents are protected as attorney work product, it is
not necessary to analyze whether there is a mediation privilege.
See In re Anonymous, 283 F.3d 627, 639 n. 16 (4th Cir. 2002).

An appropriate Order is attached.


Dated: December 11, 2012                BY THE COURT:

                                        Mary F. Walrath
                                        United States Bankruptcy Judge